Brewster, J.
(dissenting)-. I dissent and vote to affirm.
I cannot agree to the conclusion that in 1937 the assessors, in the second item upon that year’s assessment of plaintiff’s real estate, assessed only the structure of the “ 2 Camps ” and thereby excluded therefrom the premises in question. In common parlance the noun “ camp ” may and often does denote a land area upon and about which the camp buildings are located. On the 1937 roll the designation as “ 2 Camps ” appeared under a heading which called only for a reference to the “ Character ” of the property, and the appraisal of full value is given under the heading of “ Real Property Including Buildings Thereon.” The identification as given by the call for names of abutting owners is not, under the circumstances shown, inconsistent with plaintiff’s contention that the 1937 tax which he paid was laid upon an assessment of the land in question, and likewise are the omissions of linear dimensions of the land and its intermediate appraisal exclusive of buildings. The camp buildings considered solely as structures were not separately assessable as realty. The characterization to the contrary which occurs in the county treasurer’s “ search ” is as inaccurate in fact as it is irrelevant. Since the buildings and the land upon which they were erected and the rest of the land in question which contiguously surrounded them were all owned by plaintiff in fee at the time of the 1937 assessment there was neither occasion nor sanction to limit the assessment to the camp buildings. We may not presume that the assessors erroneously assessed the buildings as personalty. Both the presumption and proof are that the buildings and their land location were assessed as real estate. There is no evidence of any “ several interest ” comprised of an ownership of the buildings and some leasehold in the land upon which they were located, or any chattel real in connection therewith, which for tax purposes permitted a limitation of the assessment solely to the buildings. (People ex rel. Van Nest v. Commissioners, 80 N. Y. 573; People ex rel. Muller v. Board of Assessors, 93 N. Y. 308.)
The issue is not as to an error in the assessment, but rather as to what realty was in fact included in the assessment as made. Plaintiff’s proofs establish, at least prima facie, that the land conveyed by the tax deed as being the. fifty acres, as assessed in *521 1937, did not include the premises in question. It was incumbent on the defendants to locate and lay out the land conveyed by their tax deed which necessarily only imperfectly described it by the assessment roll reference; and, upon their affirmative defense of title, it is my belief that the trial court correctly found a failure of proof.
Heffernan, Foster and Bussell, JJ., concur with Hill, P. J.; Brewster, J., dissents, in an opinion.
Judgment reversed on the law and facts, with costs, and complaint dismissed.
The court reverses findings of fact numbered First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth and Seventeenth, and disapproves Conclusions of Law I, II, III, IV, V and VI, and the court makes the following findings of fact: That the defendants Bay and Palmer acquired title to the premises described in a tax deed executed by the Treasurer of Schoharie County to George B. Bay dated February 13, 1940, which described premises as follows: “Parcel 476, ¿inner, Henry farm 50 acres, bounded north and east by Zinner, south by highway, west by Beynolds ’ ’; that the assessment in the 1937 roll of “ 2 camps ” did not include land. [See post, p. 1081.]